# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-0353V
UNPUBLISHED

| | |
|---|---|
| LISA BLUNT,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: July 22, 2021<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Table Injury;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Heather Varney Menezes,* Shaheen & Gordon, P.A., Manchester, NH, for Petitioner.

*Mallori Browne Openchowski,* U.S. Department of Justice, Washington, DC, for
　　Respondent.

## **RULING ON ENTITLEMENT**[1]

　　On March 27, 2020, Lisa Blunt filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA"), a defined Table Injury, after receiving the influenza ("flu") vaccine on September 28, 2018. Petition at 1, ¶ 3, ECF No. 1. Petitioner further alleged that she received the vaccination in the United States, that she suffered the residual effects of her SIRVA for more than six months, and that neither she nor any other party

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

has filed a civil action or received compensation for her SIRVA. *Id.* at ¶¶ 17-18, 20. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 5, 2021, I made a factual finding, determining there is preponderant evidence to establish that Petitioner's manifestation of onset after vaccine administration occurred within 48 hours. Fact Ruling at 2, 8, ECF No. 24.

On July 14, 2021, Respondent filed his Rule 4 report indicating that, in light of my fact ruling, he "has concluded that [P]etitioner suffered SIRVA as defined by the Vaccine Injury Table . . . [and] does not dispute that [P]etitioner has satisfied all legal prerequisites for compensation under the Act." Rule 4 Report at 6, ECF No. 30. Respondent adds that he "does not waive his right to a potential appeal of [my April 5, 2021 ruling]." *Id.* at 6 n.4.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>  
Brian H. Corcoran  
Chief Special Master